CHARLES JANIN *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the clerk's certificate attests that the transcript contains all the testimony adduced on the trial, and the appellant relies on a bill of exceptions in the record, no assignment of error is necessary.

The privileged debts and expenses of an insolvent's estate, must be paid from the proceeds of the immovables, according to the *price* at which they have been sold.

It is the immovables, and not the mortgage creditors, which owe and must contribute to the payment of the privileged debts and expenses, whether the mortgages existing on such property be special or general.

The syndics filed a tableau of distribution in this case.

The heirs of Lemonier made opposition to the tableau on various grounds ; and among others, to the mode of paying the privileged debts and expenses of the estate.

The district judge decided, that as there were not movables sufficient, the privileged debts and expenses must be borne by the immovables, or their proceeds, according to the *price* which they produced, *i. e.,* it is the immovables which owe this contribution, and not the mortgage creditors.

From this judgment Lemonier's heirs appealed.

*Morphy* and *Grailhe,* for the syndics, urged, that when the proceeds of the movables are insufficient to meet the privileged charges, costs and expenses, and there are no unincumbered slaves and immovables, *all the immovables must* contribute, whether affected by special or general mortgage. 5 *Martin's Reports,* 468 ; 6 *Ibid.* 519.

2. And property specially mortgaged is not to be exempted from contribution, because there may be property subject only to a judicial mortgage. *Louisiana Code, articles* 3317, 3321, 3233, 3236.

*Macready*, for the appellants, contended that immovables, subject only to general or judicial mortgages, and not those specially mortgaged, must contribute to the payment of the privileged debts and expenses, in default of movables sufficient.

*Martin*, *J.*, delivered the opinion of the court.

On the day this cause was called for hearing, the attorney for the syndics, (the appellees,) and that of the opposing creditors and appellants, filed a paper, stating that the only question for the decision of the court was, whether, " when the proceeds of the sale of the movables of an estate surrendered, are insufficient to meet the privileged debts and charges, and there are no unincumbered slaves or immovables, the property specially mortgaged is to contribute to the payment of said debts and charges, where there is property subject to individual or general mortgage ; or whether, in such a case, all the immovables must not be made to contribute, by whatever kind of mortgage they may be affected."

The wife of the insolvent prayed the dismissal of the appeal, on the ground, that this paper contained an assignment of error, apparent on the face of the record, and, as such, ought to have been filed within ten days after the record is brought up ; otherwise, the appeal is to be rejected. *Code of Practice*, 897.

The certificate of the clerk attests that the transcript contains all the testimony adduced on the trial. It is, perhaps, not equal to a statement of facts ; but the appellant relies on a bill of exceptions, for the examination of the case by this court. No assignment of error was, therefore, necessary ; the paper filed contains none, and presents only a single point deemed necessary for the consideration of the court. On the merits, it appears to us, that the inferior judge correctly decided, that the privileged debts and expenses must be borne by the immovables, according to the price which they produced. It is the immovables, and not the mortgage creditor, which owes this contribution, whether

*Margin note:* Where the clerk's certificate attests that the transcript contains all the testimony adduced on the trial, and the appellant relies on a bill of exceptions in the record, no assignment of error is necessary. The privileged debts and expenses of an insolvent's estate, must be paid from the proceeds of the immovables, according to the price at which they have been sold. It is the immovables, and not the mortgage creditors, which owe and must contribute to the payment of the privileges and expenses, whether the mortgage existing on such property be special or general.

EASTERN DIST.
February, 1837.

the mortgage be special or general. *Delor* vs. *Montegut*, 5 *Martin's Reports, page* 468 ; *Goforth* vs. *His creditors*, 6 *Martin's Reports, page* 519.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.